**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Joseph Nero,** )  | **CASE NO. 1:17 CV 1574** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **Vs.** ) | |
| ) | |
| **Maserati North America, Inc.,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendant.** ) | |

### Introduction

This matter is before the Court upon plaintiff's Motion to Remand (Doc. 4). This case arises out of an allegedly defective vehicle manufactured by defendant. For the following reasons, the motion is GRANTED.

### Facts

Plaintiff Joseph Nero filed his Complaint against defendant Maserati North America, Inc. in the Cuyahoga County Common Pleas Court. Defendant removed the case to this Court on the basis of federal question jurisdiction. The Complaint alleges the following.

In October 2014, plaintiff purchased a 2014 Maserati Ghibli S Q4, manufactured and warranted by defendant. The price of the vehicle and/or the total of payments was $25,281.00.

1

As a result of the ineffective repair attempts made by defendant, through its authorized dealer, the vehicle cannot be utilized for the purposes intended by plaintiff and is worthless and/or substantially impaired.

The Complaint sets forth five claims. Count One alleges a claim under the Ohio Lemon Law. Count Two alleges a claim under the Magnuson-Moss Federal Trade Commission Act. Count Three alleges a claim under the Ohio Uniform Commercial Code. Count Four alleges implied warranty in tort. Count Five alleges a violation of the Ohio Consumer Sales Practices Act.

This matter is now before the Court upon plaintiff's Motion to Remand.

**Standard of Review**

"In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The burden of showing that the district court has original jurisdiction is on the party seeking removal. Furthermore, because they implicate federalism concerns, removal statutes are to be narrowly construed." *Long v. Bando Mfg. of Am., Inc*., 201 F.3d 754, 757 (6th Cir. 2000) (citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c).

**Discussion**

Plaintiff argues that removal was without basis. Plaintiff points out that the Notice of Removal states that removal is based on the alleged violation of federal law stated in Count Two under the Magnuson-Moss Federal Trade Commission Act. That statute, however, only provides federal jurisdiction when the amount in controversy is at least $50,000. Since

2

defendant, who bears the burden of establishing that removal was proper, failed to address the amount in controversy, it waived the argument. Even assuming that defendant could raise the issue, the Complaint makes clear that the amount in controversy would not be met where the lease payments for the vehicle were $25,281.

For the following reasons, the Court finds that remand is proper. Removal jurisdiction herein was based on 28 U.S.C. § 1441(a), allowing removal of actions "of which the district courts... have original jurisdiction." Defendant relied solely on 28 U.S.C. § 1331 which provides that district courts "have original jurisdiction of all civil claims arising under the ... laws... of the United States." Defendant cited to the Magnuson-Moss claim. However, "Although it is a federal statute, the Court's jurisdiction is limited under Magnuson-Moss by a $50,000 amount in controversy requirement." *Dodd v. Chrysler Grp. LLC,* 2012 WL 1565640, at *7 (W.D. Tenn. May 1, 2012) (citing *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 757 (6th Cir.2008); *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir.2007). "Claims brought under the statute are not cognizable in federal court 'if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.' " *Id.* (citing 15 U.S.C. § 2310(d)(3)(B)).

"The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harden, supra* (citing *Eastman v. Marine Mech. Corp.,* 438 F.3d 544 (6th Cir. 2006) ). Defendant does not argue that federal jurisdiction exists under Magnuson-Moss. Defendant acknowledges that the Complaint seeks recovery for the amount of the lease payments totaling $25,281 and agrees with plaintiff that the pendant state law claims cannot be used to satisfy the jurisdictional requirement under the Act. (Doc. 6 at 1,

3

3) Rather, defendant maintains, "If the Court does not believe Plaintiff's claims reach the jurisdictional requirement of $50,000.00 under the Magnuson-Moss Warranty Act, [defendant] submits this Court still has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1)." (Doc. 6 at 1) Defendant points out that the parties are citizens of different states and that the amount in controversy exceeds $75,000 when considering the amount of the lease payments in addition to the treble damages allowed under the Ohio Consumer Sales Practices Act alleged in Count Five. Strangely, plaintiff did not file a reply brief and so did not address defendant's argument regarding diversity of citizenship jurisdiction. Nonetheless, the Court finds it cannot confer jurisdiction on this basis.

"Statutes conferring removal jurisdiction are to be strictly construed because removal jurisdiction encroaches on a state court's jurisdiction." *Commercial Bank, Inc. v. Summers,* 2010 WL 1257873 (E.D.Tenn. March 25, 2010) (citing *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527 (6th Cir. 1999)). For the following reasons, the Court finds that defendant cannot rely on diversity jurisdiction when this basis was not named as a ground for removal in the Notice of Removal.

28 U.S.C. § 1446(a) states that the notice of removal must "contain [] a short and plain statement of the grounds for removal..." Courts recognize that while a defendant may freely amend the removal petition within the 30-day period for removal, a defendant may only amend the removal notice after the expiration of the 30-day period "to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice... In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered

basis of removal, and the court will not, on is own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon." 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3733 (4th ed. 2009) (collecting cases). Thus, a remand to state court is proper although the case falls within diversity jurisdiction but defendant waived that ground for removal by never raising it. *Id.* Courts in this Circuit conclude the same. *See, for e.g., Uppal v. Elec. Data Sys.*, 316 F.Supp.2d 531 (E.D.Mich. 2004) (The court recognized that a defendant may not amend its notice of removal after the 30-day limit to remedy a substantive defect in the notice. Defendant may not allege new jurisdictional grounds for removal, but may only clarify the stated grounds.) By extension, a defendant may not rely on a new jurisdictional ground in response to a motion to remand. *Thompson v. Gulf Stream Coach, Inc.,* 2007 WL 2413108 (W.D.Mich. Aug. 21, 2007) (Where the notice of removal was based only on diversity and did not cite to federal question jurisdiction, the court will not consider a new ground for removal in response to the motion to remand.); *Little v. Wyndham Worldwide Operations, Inc.,* 2017 WL 1788427 (M.D.Tenn. May 5, 2017) (Defendant argued in its response brief that even if removal on diversity grounds was improper, the court should retain the case because of the existence of federal question jurisdiction. The court rejected the argument because defendant is required to state the ground for removal in its notice, and where federal question was not stated, the court would not retain jurisdiction on that basis.)

Accordingly, because defendant did not cite diversity of citizenship in its Notice of Removal, it may not rely on that basis as a ground for this Court to retain removal jurisdiction. As such, plaintiff's Motion to Remand is granted.

**Conclusion**

For the foregoing reasons, plaintiff's Motion to Remand is granted.

IT IS SO ORDERED.


      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 9/18/17